UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CLARENCE D. JOHNSON,
        Plaintiff,

     v.                                 CIVIL ACTION NO. 14-11325-GAO

NORTH CAROLINA UNEMPLOYMENT, ET AL.,
        Defendants.

MEMORANDUM AND ORDER

O'TOOLE, D.J.

    For the reasons set forth below, the Court (1) allows plaintiff's Application to Proceed Without Prepayment of Fees; (2) dismisses this action; and (3) warns plaintiff of the Court's authority to issue sanctions for vexatious litigation.

## I.    Background

    On March 24, 2014, Clarence D. Johnson ("Johnson"), a resident of Clinton, Maryland, filed an Application to Proceed Without Prepayment of Fees along with his self-prepared complaint. He subsequently filed motions to seal, for appointment of counsel and for hearing.

    As best can be gleaned from plaintiff's four-page, handwritten complaint, plaintiff complains that he owns federal taxes because they were not withheld from his state unemployment benefits. Complaint ("Compl."). The case caption names as defendants "North Carolina Unemployment" and the "IRS, et al." Id. Plaintiff asserts claims of patent infringement, identity theft, employment discrimination, slander, housing discrimination and violation of the fair labor standards act. Id. at p. 1. For relief, plaintiff "seek[s] $15 million Dollars in damages," "request[s] trial by jury" and states that he "need[s] some accountability." Id. at p. 4.

    The Court's records indicate that Mr. Johnson previously filed five other cases in the District of Massachusetts. See Johnson v. Shady Grove Adventist Hospital, et al., C.A. No.

13-12584-FDS (Jan. 6, 2014, dismissed for failure to state a claim); Johnson v. Sheet Metal Local #100, et al., C.A. No. 13-13223-NMG (pending); Johnson v. Evans, et al., C.A. 14-10864-JGD (pending); Johnson v. Wells Fargo Bank, C.A. No. 14-11274-MPK (pending); and Johnson v. United States Judges, et al., C.A. No. 14-11273-DPW (pending).

Moreover, a search of the federal Judiciary's Public Access to Court Electronic Records (PACER) service reveals that plaintiff filed six frivolous actions in other federal district courts last year. See Johnson v. Denver Gen. Dist. Court, 1:2013-cv-01475 (D. D.C. Sept. 26, 2013); Johnson v. Henrico Police Dept, 1:2013-cv-12584 (D. D.C. Sept. 26, 2013); Johnson v. Henrico Co. Govt., 1:2013-cv-00286 (E.D. Va. June 19, 2013); Johnson v. IRS, 1:2013-cv-00385 (E.D. Va. Mar. 26, 2013); Johnson v. Wells Fargo, 1:2013-cv-00419 (E.D. Va. Apr. 9, 2013); Johnson v. Ebenezer Baptist Church, 1:2013-cv-00430 (E.D.Va. Aug. 15, 2013).   The instant action raises claims similar to those raised by Johnson in Johnson v. IRS, 1:2013-cv-00385 (E.D. Va. Mar. 26, 2013) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), aff'd No. 13-1518 (4th Cir. Jul. 12, 2013)(affirming dismissal and denying motion for appointment of counsel).

## II.    Discussion

### A.    Filing Fee

The fee to file a civil action is $350.00, see 28 U.S.C. § 1914(a), although an indigent litigant may proceed without prepayment of the filing fee, see 28 U.S.C. § 1915(a)(1).  Plaintiff filed an Application to Proceed Without Prepayment of Fees.  Based upon the financial disclosures, the Court will allow plaintiff to proceed in forma pauperis.

### B.    Screening of the Complaint

When a plaintiff is permitted to proceed without prepayment of the filing fee, summonses do not issue until the Court reviews the complaint and determines that it satisfies the substantive

requirements of 28 U.S.C. § 1915.  Section 1915 authorizes federal courts to dismiss complaints

sua sponte if the claims therein lack an arguable basis in law or in fact, fail to state a claim on

which relief may be granted, or seek monetary relief against a defendant who is immune from

such relief.  See 28 U.S.C. § 1915(e)(2); Neitzke v. Williams, 490 U.S. 319, 325 (1989) Denton

v. Hernandez, 504 U.S. 25, 32-33 (1992); Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37

(1st Cir. 2001).

In determining whether a complaint states a claim, the court accepts as true the

well-pleaded allegations in the complaint and takes reasonable inferences in the plaintiff's favor.

Martino v. Forward Air, Inc., 609 F.3d 1, 2 (1st Cir. 2010).  To avoid dismissal, "a complaint

must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible

on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The plausibility standard

does not require a probability but is more than a mere possibility.  Ashcroft v. Iqbal, 129 S.Ct.

1937, 1949 (2009).

In conducting the preliminary screening, the Court construes plaintiff's pro se complaint

generously.  See Haines v. Kerner, 404 U.S. 519, 520 (1972);  Rodi v. New Eng. Sch. of Law,

389 F.3d 5, 13 (1st Cir. 2004).

**1.      Claim Preclusion**

The prior decision in Johnson v. IRS, 13-385 (E.D. Va. Mar. 26, 2013), aff'd , No. 13-

1518 (4th Cir. Jul. 12, 2013) bars plaintiff's present suit against the IRS and North Carolina

Unemployment under the doctrine of claim preclusion.  Claim preclusion, also known as res

judicata, prevents the relitigation of claims that a party "had the opportunity and incentive to

fully litigate . . . in an earlier action." Giragosian v. Ryan, 547 F.3d 59, 63 (1st Cir. 2008).

Generally, claim preclusion is an affirmative defense that must be pleaded, not raised sua

sponte.  Fed. R. Civ. P. 8(c).  However, "[e]ven without a motion, 'a court on notice that it has previously decided an issue may dismiss the action sua sponte, consistent with the res judicata policy of avoiding judicial waste.'"  In re Colonial Mortgage Bankers Corp., 324 F.3d 12 (1st Cir. 2003) (citing Bezanson v. Bayside Enterps., Inc., In re Medomak, 922 F.2d 895, 904 (1st Cir. 1990).

There are three essential elements for the preclusive effect to apply:  "(1) the identity or privity of the parties to the present and prior actions; (2) identity of the cause[s] of action; and (3) a prior final judgment on the merits."  McDonough v. City of Quincy, 452 F.3d 8, 16 (1st Cir. 2006). With respect to the second element, causes of actions are identical if they derive "from the same transaction or series of connected transactions."  *Id.*  Thus, "claims not actually raised [in prior litigation] will be barred if they arise from the same common nucleus of facts as the claims that were litigated."  Kucharski v. Tribeca Lending Corp., 620 F. Supp. 2d 147, 150 (D.Mass. 2009).

Because it is plain that the claims asserted in the present action were already asserted against the defendants in the 2013 federal litigation, the claims in the instant action are precluded by the earlier judgment.

## 2.     Failure to State a Claim

At a minimum, to state a claim for relief a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). Under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must plead more than a mere allegation that the defendant has harmed him [or her].  Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (detailed factual allegations are not required under Rule 8, but a complaint "demands more than an unadorned, the defendant-unlawfully-harmed-me

accusation" (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).   The complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  <u>Calvi v. Knox County</u>, 470 F.3d 422, 430 (1st Cir. 2006) (quoting <u>Educadores Puertorriqueños en Acción v. Hernández</u>, 367 F.3d 61, 66 (1st Cir. 2004)).  This means that the statement of the claim must "at least set forth minimal facts as to who did what to whom, when, where, and why."  <u>Id.</u> (quoting <u>Educadores</u>, 367 F.3d at 68).  Although the requirements of Rule 8(a)(2) are minimal, "minimal requirements are not tantamount to nonexistent requirements."  <u>Id.</u> (quoting <u>Gooley v. Mobil Oil Corp.</u>, 851 F.2d 513, 514 (1st Cir. 1988)).

Here, the complaint is subject to dismissal because Johnson has not set forth a short and plain statement of his claim.  The complaint does not contain any indication of the causes of action the plaintiff seeks to bring and the Court cannot discern the alleged facts.   In short, the complaint fails to state a claim upon which relief may be granted and the defendants could not be expected to provide meaningful responses to the allegations.

### 3.      Sua Sponte Dismissal

It is evident that plaintiff has failed to state a legal claim and the complaint is legally frivolous pursuant to 28 U.S.C. § 1915(e)(2).  This action is subject to dismissal in its entirety.  Generally, a <u>pro</u> <u>se</u> plaintiff is afforded an opportunity to cure a deficient complaint.  Here, however, this Court need not afford Mr. Johnson an opportunity to cure the pleading deficiencies because such efforts would be futile.[1]

---

[1]Although the Court often affords <u>pro</u> <u>se</u> plaintiffs an opportunity to amend a complaint in recognition that "basic fairness, as well as 'sound prudential reasons,'counsel against most uses of the power to dismiss cases sua sponte," <u>Gonzalez-Gonzalez v. United States</u>, 257 F.3d 31, 37 (1st Cir. 2001), this is one of those cases in which it "is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile."  <u>Id.</u> at 36-37 (1st Cir. 2001).

## III.    The Court's Authority to Impose Sanctions

Plaintiff is advised that the Court has the authority to impose monetary sanctions and enjoin litigants from filing new actions absent leave of Court.

Under Rule 11, the Court may impose sanctions on an unrepresented party if he submits a pleading for an improper purpose or if the claims within it are frivolous or malicious.  See Fed. R. Civ. P. 11(b)(1), (2); Eagle Eye Fishing Corp. v. Department of Commerce, 20 F.3d 503, 506 (1st Cir. 1994) (pro se parties, like all parties and counsel, are required to comply with the Federal Rules of Civil Procedure); Pronav Charter II, Inc. v. Nolan, 206 F. Supp. 2d 46, 53 (D. Mass. 2002) (Rule 11 applies to pro se litigants) (citation omitted).  Rule 11 exists, in part, to protect defendants and the Court from wasteful, frivolous and harassing lawsuits, and provides for sanctions as a deterrent.  See Navarro-Ayala v. Nunez, 968 F.2d 1421, 1426 (1st Cir. 1992).

A district court has the inherent power to manage its own proceedings and to control the conduct of litigants who appear before it through orders or the issuance of monetary sanctions for bad-faith, vexatious, wanton or oppressive behavior.  See Chambers v. Nasco, Inc., 501 U.S. 32, 46-50 (1991); accord United States v. Kouri-Perez, 187 F.3d 1, 6-8 (1st Cir. 1999) (same); John's Insulation, Inc. v. L. Addison & Assocs., 156 F.3d 101, 109 (1st Cir. 1998) (district court did not abuse its discretion in ordering dismissal of complaint and default judgment as a sanction for plaintiff's protracted delay and repeated violation of court's order under inherent powers rather than Rule 41); Alexander v. United States, 121 F.3d 312, 315-316 (7th Cir. 1997) (sanctioning inmate in the amount of $500 pursuant to court's inherent authority for repetitious, meritless litigation).

Vexatious conduct occurs where a party's actions are frivolous, unreasonable or without foundation.  Local 285 Service Employees Intern'tl v. Nontuck Resources Assoc., Inc., 64 F.3d

735, 737 (1st Cir. 1995); accord Alexander, 121 F.3d at 315-316 (sanction appropriate when objectively unreasonable litigation-multiplying conduct continues despite a warning to desist). Subjective bad intent is not necessary to justify an award for vexatious conduct, Local 285 Service Employees Intern'tl, 64 F.3d at 737, and bad-faith behavior in this context is equivalent to bringing suit on a frivolous claim, meaning a claim that no reasonable person could suppose to have any merit. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000).

Finally, a district court has the power to enjoin litigants who abuse the court system by filing groundless and vexatious litigation. Elbery v. Louison, 201 F.3d 427, 1999 WL 1295871 at *2 (1st Cir. Dec. 17, 1999) (per curiam) (citing Cok v. Family Court of Rhode Island, 985 F.2d 32, 34 (1st Cir. 1999)).

## IV.     Conclusion

Accordingly,

1.     Plaintiff's Application to Proceed Without Prepayment of Fees is allowed.

2.     The complaint is dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2).

3.     The Clerk shall terminate the pending motions and enter a final order of dismissal.


SO ORDERED.

 July 7, 2014                                    /s/ George A. O'Toole, Jr.
DATE                                            GEORGE A. O'TOOLE, JR.
                                                UNITED STATES DISTRICT JUDGE